ROBERT DEAN ASHLEY v. REX ALLEN ASHLEY AND VONDA FAYE WADDELL ASHLEY

No. 7617SC977

(Filed 7 September 1977)

**Automobiles § 90.4— pedestrian stepping into traffic—instruction supported by evidence**

In an action to recover for damages sustained when plaintiff pedestrian was struck and injured by an automobile driven by defendant, evidence was sufficient to support the trial court's instruction that plaintiff "stepped out" into the road.

APPEAL by plaintiff from *Fountain, Judge.* Judgment entered 2 June 1976 in Superior Court, SURRY County. Heard in the Court of Appeals 25 August 1977.

Plaintiff's complaint alleged that plaintiff, a pedestrian, was negligently struck and injured by an automobile driven by defendant Rex Allen and owned by defendant Vonda Faye. Defendants answered, denying negligence and asserting that plaintiff was contributorily negligent in that he "was under the influence of alcohol and staggered or ran" into the path of defendants' car.

Plaintiff's evidence tended to show the following: He and Johnny Sprinkle were riding with defendant (plaintiff's brother) on the afternoon of 9 July 1974. Defendant was angry with him and so he and Sprinkle got out of the car and began walking. They walked along the street on the left-hand side and they were "right at the

edge" of the street. At that time, defendant turned his car around and came back toward them from their rear in the right lane of the street. Plaintiff heard a noise and turned around to find defendant's car about 5 yards from him. He started to step back but defendant's car struck him on the left leg. On cross-examination plaintiff admitted that he and his brother had been drinking beer on the day of the accident and that in an earlier deposition he had stated that at the time of the accident he "turned to my right and see, I just stepped out, I thought he was going to pick us up, then I turned away." Plaintiff also presented two police officers, one of whom witnessed the accident. Together their testimony tended to show that after letting plaintiff and Sprinkle out of his car, defendant drove away and then turned around and headed toward them; that they were walking away from defendant on the left side of the road and defendant was driving in the right lane; that defendant "slung over to the left-hand side" and struck plaintiff; that plaintiff was on the shoulder at the time of the accident; that defendant did not stop or slow down after the accident; that plaintiff was found lying on the ground partly on the street and partly on the shoulder after the accident; that defendant then returned to the scene and stated, "my God, Robert, what have I done?"; and that defendant had an odor of alcohol on his breath. Plaintiff also presented medical testimony concerning his injuries.

Defendant then testified as follows: The three men had drunk over three six-packs of beer on the day of the accident and the defendant himself was drunk. He and plaintiff began arguing and he pushed plaintiff out of his car and drove away. He then turned around and went back to pick up Johnny Sprinkle. As he approached plaintiff he "hit the brakes on the car and it pulled me right beside of him and pulled me into him and I hit him." He blacked out at some point during the incident and did not realize that he had hit plaintiff.

The jury answered the first two issues affirmatively finding both negligence and contributory negligence and judgment was entered denying relief to plaintiff.

*Finger & Park, by M. Neil Finger and Raymond A. Parker II, for the plaintiff.*

*Hudson, Petree, Stockton, Stockton & Robinson, by William F. Maready and Jackson N. Steele, for the defendants.*

MARTIN, Judge.

Ashley v. Ashley

Plaintiff contends in his second assignment of error that the trial court erred in its instructions to the jury by making a statement of fact not in evidence. Specifically, while setting forth the contentions of the parties, the trial court summarized the contentions of the defendant as to the plaintiff's contributory negligence and stated, in pertinent part, as follows:

> "[T]hat the plaintiff . . . *stepped out in front of the vehicle*, and put himself in a position where he would necessarily be struck . . . . [T]hat the plaintiff was negligent, being out in the roadway, in an intoxicated condition, and not paying attention to his own safety, and by *stepping into the automobile*. (Emphasis added.)

> \*    \*    \*

> "[T]hat the plaintiff rather than taking any action for his own safety, *stepped out further into the roadway*; so as to make a collision with the vehicle inevitable." (Emphasis added.)

Plaintiff contends that the references to his "stepping out" into the pathway of defendant's vehicle constitute statements of a fact not in evidence resulting in prejudice to the plaintiff. After a careful examination of the trial record, we disagree.

It is true that a trial court commits error in its instructions to the jury by stating contentions not supported by evidence in the record. *Green v. Barker*, 254 N.C. 603, 119 S.E. 2d 456 (1961). However, the record of this case as presented on appeal reveals that the contention that plaintiff "stepped out" in front of the vehicle was alleged in defendant's answer and was supported by evidence elicted on cross-examination of plaintiff. In his "second defense" defendant alleged that plaintiff was guilty of negligence in that "the plaintiff was under the influence of alcohol and staggered or ran into the roadway directly in front of the automobile. . . ." Evidence clearly supporting the trial court's statement of defendant's contention appears in testimony of the plaintiff on cross-examination. Plaintiff testified that in his deposition in response to a question concerning the accident he answered: ". . . I turned to my right and see, I just *stepped out*, I thought he was going to pick us up. . . ." (Emphasis added.) The substance of this evidence and defendant's allegation is clearly of the same import as the statement of defendant's contention in the trial court's charge to which plaintiff assigns error. In our judgment there is ample support in the record for the trial court's statement of defendant's contention; therefore, we find no error.

On the authority of *Ingle v. Roy Stone Transfer Corp.*, 271 N.C. 276, 156 S.E. 2d 265 (1967), plaintiff's first assignment of error is overruled.

We find no merit in plaintiff's remaining assignment of error.

No error.

Judges PARKER and ARNOLD concur.